IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
(Western Division)

| | | |
|---|---|---|
| Janet L. Withrow, Administratrix Of the Estate of K. Dean Withrow, Deceased | : : : : | CIVIL ACTION |
| Plaintiff | : : | |
| vs. | : : | |
| CSX Transportation Inc. | : : : | No. 1:07-cv-418-MRB |
| Defendant | : : | ELECTRONICALLY FILED |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE FEDERAL LOCOMOTIVE INSPECTION ACT**

Plaintiff respectfully submits this brief reply to some of the assertions made by CSX in its Memorandum in Opposition.

A violation of the *Federal Locomotive Inspection Act* and federal regulations occur even where the condition did not exist before or after the accident. *Myers v. Reading Co.*, 331 U.S. 477, 483 (1947). The reason for this is because "a violation of safety regulations found in or promulgated under either the Safety Appliance Act or the Boiler Inspection Act [apply] . . . without reference to the law of negligence." *Kernan v. American Dredging Co*., 355 U.S. 426, 444 (1958). CSX has presented the affidavits of numerous employees which state that either <u>before</u> or <u>after</u> Mr. Withrow's accident they observed and/or inspected the area and found no oil or source of the oil. However, their

1

affidavits are irrelevant as only the condition of the locomotive at the moment of the accident is relevant. Therefore, those affidavits should be ignored. Any inferences contained in them are not germane to the legal issues before the Court.

CSX next argues that every slip and fall on a locomotive does not equate with liability. Plaintiff agrees. However, the cases cited by CSX do not support its ultimate conclusion. In *McGinn*, the Plaintiff –and not the railroad-- created the tripping hazard. He tripped over his own suitcase. The instant case is significantly different. First, Mr. Withrow was not the cause of the oil on the walkway. Second, unlike a suitcase that is totally foreign to a locomotive, oil is something necessary for the locomotive to function. In *Topping*, the alleged hazard was a metal object that was lying on the floor. Again, a random metal object is not an essential element on a locomotive, while oil is.

CSX also cites *Gregory*. In *Geregory*, the Court rule that the mere presence of oil is insufficient, but that it must constitute a tripping hazard. It is undisputed that Mr. Withrow observed "a fairly large spot of oil . . . about three feet long and . . . two and a half feet wide. It covered the whole width of the catwalk [and it] looked like it was coming out of the doors by the compressor." (Withrow Dep. at 97-98)[1] Where oil covers a large portion of a walking surface, the Court can easily take judicial notice that it poses a slipping or tripping hazard. Fact finding is not necessary to make that determination, but simply common sense.

The final cases cited by CSX is *Rivera*. In *Rivera*, the District Court in Colorado was uncomfortable granting summary judgment solely on the basis on an interested party's affidavit. However, in this case, Mr. Withrow testified at his deposition. His testimony has not been presented to the Court on the basis on an affidavit skillfully

---

[1] These depositions pages were submitted with the original motion.

2

prepared by his own counsel, by primarily through the questions and answers from the adversary's counsel. The Court has access to Mr. Withrow's questions under cross-examination. Furthermore, because of Mr. Withrow's unfortunate death, the jury would be presented with the identical testimony as is this Court – his deposition transcript.

CSX also attempts to play a game of legal semantics with its interpretation of 49 C.F.R. 229.119. Legal semantics should be rejected by this Court as it is contrary to the liberal interpretation of the FELA required by Congress and the United States Supreme Court. *Lilly v. Grand Trunk Western R.* Co., 317 U.S. 481, 485-486 (1943)( The [Locomotive Inspection] Act, like the Safety Appliance Act, is to be liberally construed in the light of its prime purpose, the protection of employees and others by requiring the use of safe equipment.)

However, and of more importance, CSX's semantics game is based on a selective reading of the regulations. CSX argues that the provisions regulating cab seats and windows (49 C.F..F. 229.119(a) and (b)) use the words, "shall be securely mounted . . .," while section (c), addressing floors, only use the word "kept." (CSX Brief at 8) The defendant then argues that "kept" requires some action, and therefore, the presence of oil is not itself sufficient to impose liability. The Court should note CSX's mischaracterization of the regulation. The regulation does not only suggest that floors be kept free from oil . . . ," but that floors "shall be kept free from oil . . . " (49 C.F.R. 229.119(c)). The plain reading of the regulation is clear – CSX has violated the regulation if it has not kept the floor, etc. free of oil. In the instant case, it is undisputed that there CSX did not keep oil off its floor or passageway. No one may ever know how the oil got on the locomotive floor, but there is no dispute that it was there and was not

kept off of it.  Thus, CSX violated 229.119(c).  Any other interpretation of the regulation and the facts of this case tortures the English language and ignores the liberal interpretation mandated by the Supreme Court.

Accordingly, Plaintiff's Motion for Partial Summary Judgment should be granted.

**PLAINTIFF IS PREPARED TO PRESENT ORAL ARGUMENT
IF THE COURT DEEMS THAT IT WILL ASSIST IT IN
DETERMINING THIS MOTION**

> Respectfully submitted,
>
> COFFEY KAYE MYERS & OLLEY
>
> BY:  s/ Lawrence A Katz, Esq.
> MICHAEL J. OLLEY
> LAWRENCE A KATZ
> Counsel for Plaintiff
> Two Bala Plaza, Suite 718
> Bala Cynwyd, PA  19004
> 610-668-9800

CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served by first-class mail on June 13, 2008, to:  JamesF. Brockman, Esquire, Lindhorst and Dreidame, 312 Walnut Street, Suite 3100, Cincinnati, Ohio, 45202.

> COFFEY KAYE MYERS & OLLEY
>
> BY:  s/ Lawrence A Katz, Esq.
> LAWRENCE A KATZ
> Counsel for Plaintiff
> Two Bala Plaza, Suite 718
> Bala Cynwyd, PA  19004
> 610-668-9800