**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (AT CINCINNATI)**

| | | |
|---|---|---|
| JANET L. WITHROW, Administratrix of the Estate of K. Dean Withrow, Deceased | : : : : | |
| Plaintiff | : : | Civil Action No. 1:07CV418-MRB |
| vs. | : : | (Judge Barrett) |
| CSX TRANSPORTATION, INC. | : : | |
| Defendant. | : | |

_____

**DEFENDANT, CSX TRANSPORTATION, INC.'S
MOTION *IN LIMINE* REGARDING
PLAINTIFF'S CLAIMED INJURIES AND DAMAGES**
_____

Now comes Defendant, CSX Transportation, Inc., by and through counsel, and hereby moves this Court, *in limine*, to prohibit Plaintiff, Plaintiff's counsel, and Plaintiff's witnesses from introducing evidence of, or, in any way claiming, arguing or inferring that K. Dean Withrow's death was, in any way, related to the incident of which Plaintiff complains. The reasons for the Motion are set forth more fully in the accompanying Memorandum.

**<u>MEMORANDUM</u>**

Plaintiff's decedent, K. Dean Withrow, filed the within Complaint alleging, *inter alia*, that he suffered personal injuries as a result of an incident on October 15, 2006.[1]

---
[1] Doc. 1.

CSX answered the Complaint[2] and discovery progressed.  Unfortunately, K. Dean Withrow passed away on November 3, 2007.  Plaintiff filed a Suggestion of Death and Motion for Substitution of Party[3] which was granted on January 28, 2008.[4]  In this Court's order, Janet L. Withrow, Administratrix of the Estate of K. Dean Withrow, Deceased, was substituted as Plaintiff.  No other motion was made nor order entered.  Later, Plaintiff responded to Requests for Admissions from CSX.  Those requests and their responses on are as follows:

Request for Admission:    Admit that the Butler County Coroner's Report indicates the "cause of death" of K. Dean Withrow was an overdose of dextromethorphan.

Response:    Admitted.

Request for Admission:    Admit that none of the other medications shown in the blood drug screen in the Coroner's Report of K. Dean Withrow were listed as a "cause of death.

Response:    Admitted.

Request for Admission:    Admit that none of the actual prescriptions prescribed by K. Dean Withrow's treating physicians contained dextromethorphan.

Response:    Admitted.

Request for Admission:    Admit that shortly before his death, K. Dean Withrow was using over-the-counter medications that contained dextromethorphan.

Response:    Admitted.

Request for Admission:    Admit that the October, 2006 incident set forth in Plaintiff's Complaint did not cause, in whole or in part, Plaintiff's death on November 3, 2007.

Response:    Admitted.[5]

---

[2] Doc. 6.
[3] Doc. 18.
[4] Doc. 20.
[5] See Affidavit of Counsel, Exhibits B and C.
507241v1

2

Despite these binding admissions, in Part IV.D.1.d, Plaintiff claims a contested issue of fact is:

> "Whether the plaintiff's decedent's death on November 3, 2007 was caused, in whole or in part, by injuries or medication dependence as a result of the defendant's negligence."

As such it appears Plaintiff will try to induce, directly, indirectly or by subterfuge, a claim for damages beyond the death of Mr. Withrow.

ARGUMENT.

- **Plaintiff has admitted Mr. Withrow's death was not caused by the incident of which she complains.**

Plaintiff cannot, at this late juncture, attempt to introduce this highly prejudicial evidence. Plaintiff has already admitted Mr. Withrow's death was **not** caused, in whole or in part, by the incidence which forms the basis of this Complaint.[6] Responses to request for admissions are binding upon a party. "A matter admitted under this rule is conclusively established unless the Court, on motion, permits the admission to be withdrawn or amended.[7] Despite the conclusiveness of this rule, Plaintiff obviously attempts to resurrect a wrongful death claim in the within cause. Plaintiff has not moved this Court to withdraw or amend this binding admission. Nevertheless, despite her failure to do so, it appears Plaintiff wants to present that issue in the within cause.

- **Plaintiff has failed to amend her Complaint.**

The only request of this Court, and hence, its only order, was to substitute Janet Withrow as Administratrix of the Estate of K. Dean Withrow. This Motion was made and

---

[6] See Affidavit of Counsel, Exhibits B and C.
[7] FRCP 36(b).

507241v1

3

granted after Plaintiff's unfortunate passing. Plaintiff has **never** moved to amend the Complaint to present a wrongful death claim. Federal Rule of Civil Procedure 8(a) specifically mandates a pleading which sets forth a claim for relief shall contain . . . (2) a short and plain statement of the claim showing the pleader is entitled to relief and (3) a demand for judgment for the relief the pleader seeks. The **only** claim before this Court is Plaintiff's original Complaint. Of course, since Mr. Withrow was alive at the time that Complaint was filed, it did not include a claim for wrongful death. Barring such a claim, Plaintiff cannot attempt to introduce it by subterfuge.

45 U.S.C. § 51, the FELA statute, specifically recognizes two separate and distinct causes of action:

> "Every common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . , or, in the case of death of such employee, to his or her personal representative, . . . for such injury or death resulting in whole or in part from the negligence . . . of such carrier . . . ."[8]

Plaintiff has **not** pled this second cause of action for the benefit of Mr. Withrow's beneficiaries. Instead, she chose to prosecute **only** Mr. Withrow's original claim. The Act declares two and distinct independent liabilities, resting, of course, upon the common foundation of a wrongful injury but based upon all together different principles.[9] In fact, the original Act of 1908 did not provide for any survival of the right of action created in behalf of an injured employee. That right of action was therefore

---

[8] See, also, *Conners v. Gallick*, 339 F.2d 381 (6 Cir. 1964), the "act" is construed to provide two causes of action, one belonging to the injured employee . . . and the other a wrongful death action in favor of the named beneficiaries . . . .

[9] *Michigan Central Railroad Co. v. Vreeland*, 227 U.S. 59 (1913).

507241v1                                    4

extinguished.[10] Since the Act recognizes two separate and distinct causes of action, and also provides for a survival of the personal injury action upon the death of the plaintiff, it cannot be seriously argued there are not two separate distinct causes of action.

Mr. Withrow's untimely death, which is unrelated to the incident set forth in his Complaint, extinguishes any claim for diminished earning capacity, future lost wages or the like. "If he had survived, he might have recovered such damages as would have compensated him for his expense, loss of time, suffering, and diminished earning power."[11] The damages under the Act for wrongful death is "independent of any cause of action which the decedent had, and includes no damages which he might have recovered for his injury if he had survived. It is beyond that which the decedent had – one proceeding upon altogether different principles. It is a liability for the loss and damages sustained by relatives dependent upon the decedent. It is therefore a liability for the pecuniary damage resulting to them, and for that only.[12] Mr. Withrow's untimely passing, admittedly unrelated to the incident of which he complains, does not automatically turn his claim into one for wrongful death. More importantly, it limits the damages his administratrix can claim to the survival cause of action – his pain and suffering and pecuniary loss up to November 3, 2007.

## **CONCLUSION**

For the foregoing reasons, Defendant, CSX Transportation, Inc., requests this Court prohibit Plaintiff, Plaintiff's witnesses, and Plaintiff's counsel from arguing, directly

---

[10] *Id.* This situation was corrected by the enactment of § 9 of the Act of April 5, 1910 which provides for the survival of such action upon the death of a plaintiff.
[11] Michigan Central R. Co. v. Vreeland, 229 U.S. 59.
[12] *Id.*

507241v1

5

or indirectly, inferring or in any way claiming that Plaintiff is entitled to damages past November 3, 2007, the date of Mr. Withrow's death and, further, that Plaintiff's damages are limited to the conscious pain and suffering he sustained during his lifetime, and any properly presented claim for past lost wages.

                    Respectfully submitted,

                    */s/ James F. Brockman*
                    James F. Brockman (#0009469)
                    LINDHORST & DREIDAME
                    312 Walnut Street, Suite 3100
                    Cincinnati, OH  45202-4048
                    Telephone:   (513) 421-6630
                    Facsimile:   (513) 421-0212
                    Email:         jbrockman@lindhorstlaw.com
                    *Attorney for Defendant,*
                    *CSX Transportation, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 2, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and have mailed by United States Postal Service the document to the following non-CM/ECF participant:

Michael J. Olley, Esq.
Coffey Kaye Myers & Olley
Suite 718, Two Bala Plaza
Bala Cynwyd, PA  19004
mikeolley@comcast.net
*Attorney for Plaintiff*

                    */s/ James F. Brockman*
                    James F. Brockman (#0009469)
                    Attorney at Law